UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

————————————————

In re:

Case No. DK 08-09215

CASEY B. HOFFMAN and SARAH L.          Hon. Scott W. Dales
HOFFMAN,                               Chapter 7

Debtors.

————————————————————/

MARCIA R. MEOLI, Chapter 7 Trustee,       Adversary Pro. No. 09-80269

Plaintiff,

v.

SARAH L. HOFFMAN and CASEY B.
HOFFMAN,

Defendants.

————————————————————/

OPINION AND ORDER
REGARDING MOTION FOR RELIEF FROM JUDGMENT

PRESENT:    HONORABLE SCOTT W. DALES
United States Bankruptcy Judge

Marcia Meoli, Chapter 7 Trustee (the "Plaintiff"), filed a complaint against Casey and

Sarah Hoffman (the "Defendants"), seeking to deny the Defendants a discharge under 11 U.S.C.

§ 727(a) due to their failure to produce certain documentation in connection with their

bankruptcy case. The Defendants did not answer this complaint nor did they timely comply with

the Plaintiff's document production requests. The Clerk entered a default against them on August

4, 2009, and the Plaintiff made a motion for default judgment which the court granted on or about October 15, 2009.

More than one year after entry of judgment, the Defendants made a Motion to Reconsider the Order Denying Discharge (the "Motion," DN 14), presumably under Rule 60(b), made applicable to the judgment under Bankruptcy Rule 9024.[1]   The Defendants assert that because they finally obtained the documentation the Plaintiff had previously requested, the court should relieve them of its judgment denying their discharge.

On February 9, 2011, the court held a hearing on the Motion in Kalamazoo, Michigan, at which Dean Rietberg, Esq., trial attorney for the United States Trustee, and R. Todd Redmond, Esq., attorney for the Defendants, appeared.  After entertaining oral arguments, the court took the matter under advisement.

The court may set aside a default judgment under Rules 55(c) and 60(b), made applicable to this adversary proceeding by Bankruptcy Rules 7055 and 9024. *See* Fed. R. Civ. P. 55(c) and 60(b); Fed. R. Bankr. P. 9024. Rule 60(b) supplies six reasons that may warrant relief from a default judgment. *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844-45 (6th Cir. 1983). Rule 60(c)(1) requires that a motion under Rule 60(b) must be made within a reasonable time. That reasonable time is not to exceed one year after entry of judgment if the motion invokes Rule 60(b)(1), (2), or (3). To the extent the Motion relies on Rule 60(b)(4), (5), and (6), the Defendants must persuade the court that they sought relief within a reasonable time, which may exceed one year after entry of judgment.

The Defendants' Motion, though couched generally as a motion for reconsideration, is actually a motion to set aside a default judgment under Rule 60(b). The court granted the

---

[1] In this Opinion, "Rule" shall refer to one of the Federal Rules of Civil Procedure, and "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure.

Plaintiff's motion for default judgment on or about October 15, 2009 because the Defendants failed to appear and plead in this adversary proceeding, and because the well-pleaded allegations in the complaint were admitted and justified entry of judgment. *See* Fed. R. Civ. P. 8(b)(6).

Because the court entered a judgment against the Defendants, they must establish a right to relief under Rule 60(b) in order for the court to set aside the default judgment against them. Furthermore, the Defendants are time-barred under Rule 60(c)(1) from asserting Rule 60(b)(1), (2), and (3) as grounds for relief because more than a year has passed after the entry of judgment. Likewise, the court finds that Rule 60(b)(4) and (5) do not apply. Therefore, to set aside the default judgment, the Defendants must persuade the court to act under Rule 60(b)(6).

Rule 60(b)(6) permits the court to grant relief from a judgment for "any other reason justifying relief." A court may grant such relief "only in exceptional or extraordinary circumstances" not enumerated by the first five reasons found in Rule 60(b)(1) through (b)(5). *Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990) (*citing Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989)).

At the February 9 hearing, the Defendants argued that because they had obtained the documentation the Plaintiff was previously seeking, the court should reconsider its order denying discharge. However, the Defendants did not offer -- and therefore, failed to establish – a reason under Rule 60(b)(6) for failing to appear and plead in this adversary proceeding.  The court understands the Defendants' implicit argument that withholding the discharge now that they have eventually complied with the Plaintiff's document requests would be unjust. Nevertheless, this court is unable to grant the Defendants relief from the default judgment at this time because they have not established a right to relief under Rule 60(b)(6).  The arguments offered at the February 9 hearing may have precluded entry of judgment over a year ago if asserted as a timely defense

to the Plaintiff's complaint, but the court cannot ignore Rule 60(b)(6), which is designed to protect the finality of judgments and ensure obedience to the summons and other process.

For the foregoing reasons, the court will deny the Motion without prejudice to renewal upon a proper showing.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 14) is DENIED without prejudice to renewal upon a proper showing under Rule 60(b).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Dean Rietberg, Esq., Marcia Meoli, Esq., and R. Todd Redmond, Esq.

**END OF ORDER**

**IT IS SO ORDERED.**          Scott W. Dales
United States Bankruptcy Judge     **Dated: February 17, 2011**